**Arthur HAYNES, for himself and all others similarly situated, Plaintiff-Appellant,**

v.

**SINGER COMPANY, INC., a New Jersey corporation licensed to do business in the State of Florida, Third Party Defendant-Appellee.**

No. 81–5769.

United States Court of Appeals, Eleventh Circuit.

Jan. 24, 1983.

Spriggs & Henderson, Kent Spriggs, Thomas A. Warren, Tallahassee, Fla., for plaintiff-appellant.

Schulte, Roth & Zabel, Robert G. Haile, Jr., Palm Beach, Fla., for third party defendant-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and HUNTER *, District Judge.

EDWIN F. HUNTER, Jr., District Judge:

■ Arthur Haynes, on behalf of himself and others similarly situated, brought this action against his former employer, The Singer Company, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. The suit was filed in June of 1979. Under the FLSA, a member of the class who is not individually named in the complaint is not a party to the lawsuit unless he affirmatively "opts in" by filing a written consent with the Court. 29 U.S.C. § 216(b).

In August, 1979, plaintiffs filed a motion seeking certification of "a class of all present and past employees of Singer in the State of Florida." The motion requested that a court-approved notice be sent to "all Singer employees in the State of Florida, notifying them of their right to 'opt in' this litigation." [1] On that date, the only person who had "opted in" was Jarrell, another former employee of the Tallahassee store. On January 4, 1980 the district court held a

hearing on this motion, and subsequently entered an order denying it, utilizing this language:

"Without precise guidance from the United States Congress, or controlling precedents in this Circuit, § 216(b) will not authorize notice under the instant facts."

Although denying permission for a mass mailing of the judicially-approved notice, the district court allowed contact with potential plaintiffs in accordance with local practice and allowed one month from the date of the denial for absent parties to file written consents to join in the action. Not one single additional person did so.

The case as between the two plaintiffs and Singer was tried on April 16–17, 1981. Singer was found liable to Haynes and Jarrell for uncompensated overtime. These judgments have been satisfied.

■ The sole issue on appeal is whether the district court was correct in denying plaintiffs' motion for the circulation of the court-approved notice requested by plaintiffs. The broad general issue briefed and argued poses a question of power. Does a district court have the power to order that notice be given to other potential members of a plaintiff class advising them of their right to "opt in" to a 216(b) action? Two courts of appeal have addressed the issue

---

* Honorable Edwin F. Hunter, Jr., U.S. District Judge for the Western District of Louisiana, sitting by designation.

1. "NOTICE"

"RE: ACTION FOR RECOVERY OF UNPAID OVERTIME WAGES AGAINST THE SINGER COMPANY IN FLORIDA.

"PLEASE READ CAREFULLY.

A lawsuit was filed in the United States District Court for the Northern District of Florida on June 8, 1979 by Arthur Haynes and Harold Jarrell, former employees of Singer's Tallahassee store. This suit was filed as a collective action under § 216(b) of the Fair Labor Standards Act on behalf of all eligible employees of Singer in Florida who choose to join the suit.

"The suit charges that Singer has violated § 207 of the Fair Labor Standards Act by failing to pay its employees in Florida one and one-half times their normal hourly rate for any hours they work over 40 hours per week.

"If you have been a full-time employee of Singer in Florida between June 1976 and the present, and have worked overtime during that period, you may be eligible to participate in this suit.

"If it is shown that you worked in excess of 40 hours for any work week as an employee of Singer without being paid at overtime rates as specified by law, you may be able to recover the overtime pay that you earned in the two or three years (depending on the type of violation found) prior to the date that you file a written consent to participate in this suit. This Consent must be filed with the Court.

"If you feel you have a claim and wish to join in this action you may fill out the attached form and send it to Plaintiffs' attorney, Mr. Joseph F. Henderson, Spriggs and Henderson, 324 West College Avenue, Tallahassee, Florida 32301, for filing with the Court, or you may have your own attorney file it for you."

and reached opposite results. *Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859 (9th Cir.1977) (notice not permitted), and *Braunstein v. Eastern Photographic Laboratories, Inc.,* 600 F.2d 335 (2nd Cir.1978), cert. denied 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1046 (1979) (notice permitted). This circuit has not been called upon to decide the question.[2]

If federal courts are empowered to authorize notice under 216(b), that power must be inferred from statutory interpretation. The pertinent language is:

*Section 216(b) of Title 29 U.S.C.*

"An action to recover the liability prescribed ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

The Fifth Circuit Court of Appeals, in *LaChappelle v. Owens-Illinois, Inc.,* elaborated on the purpose and effect of this statutory provision. There the Court made clear that

[t]here is a fundamental, irreconcilable difference between the class actions described by Rule 23 and that provided by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is main-

tainable as a class action, each person within the description is considered to be a class member and, as such, is bound by the judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent. 513 F.2d 286, 288 (5th Cir.1975).

Defendant seeks to characterize the sending of notice to potential plaintiffs identifying plaintiffs' counsel as attorneys to be consulted about "opting in" as an unethical solicitation of clients. They resist the sending of any notice and would have this court adopt the approach of the Ninth Circuit in *Kinney Shoe,* which prohibited court-sponsored notice in FLSA cases. *Kinney Shoe* was followed by the Ninth Circuit in *Partlow v. Jewish Orphan House of Southern California,* 645 F.2d 757 (9th Cir.1981) and by numerous district courts. *McGinley v. Burroughs Corporation,* 407 F.Supp. 903, 911 (E.D.Pa.1975); *Roshto v. Chrysler Corporation,* 67 F.R.D. 28, 29–30 (E.D.La.1975); *Baker v. Michie Co.,* 93 F.R.D. 494 (W.D.Va. 1982). Alternatively, Singer correctly argues that even under the rationale adopted by the Second Circuit in *Braunstein,* and embraced by appellants here, the power to authorize notice must be exercised with discretion and only in appropriate cases.

Appellants insist that we follow the path approved by the Second Circuit in *Braun-*

---

2. During oral argument and in a post-trial letter, appellants cited the Seventh Circuit's decision in *Woods v. New York Life Insurance Co.,* 686 F.2d 578 (1982) as "answering the specific question presented by the instant case in a holding which is totally supportive of appellants' position." We can not agree. Chief Judge Posner, writing for the majority, noted:

"We can think of no good reason for apparent judicial sponsorship of the notice, at a stage in the litigation when there had been no determination that the plaintiff's allegations have any merit, and we can think of a good reason against it, which is that the judicial imprimatur is likely to be misunderstood as a

representation that the suit probably has merit, and ... there is a serious question whether a federal judge has the power to issue invitations to a law suit. That activity changes the character of the judge from that of an adjudicator of disputes to him to that of town crier, ringing the tocsin to awaken those who may be sleeping on their rights.

"It is true that Rule 23(c)(2) expressly gives him, in class actions to which Rule 23 applies, authority to communicate with class members not actually named in the suit. But this is because of the due process concerns to which we alluded earlier and which have no

*stein.*[3] There, the Court rejected *Kinney Shoe* and reasoned:

> We believe that Judge Daly took the proper course in authorizing notice to other potential plaintiffs in this action under the Fair Labor Standards Act. Although one might read the Act, by deliberate omission, as not providing for notice, we hold that it makes more sense, in light of the "opt-in" provision of § 16(b) of the Act, 29 U.S.C. § 216(b), to read the statute as permitting, rather than prohibiting, notice in an appropriate case. Although we agree with Judge Choy's view in *Kinney* that due process does not require notice, we do not agree with his conclusion that there is no power in the district court to order it in a proper case.

By no stretch of the imagination can the foregoing remarks be interpreted as being supportive of appellants' position.

With these cases and principles in mind, we must decide whether the instant case is an appropriate one for a resolution of that conflict. The district judge's opinion must be construed as holding that even if he was empowered to authorize notice, he would not, under the facts of this case, grant plaintiffs' request.

As a preliminary matter, it is not disputed that plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals existed in the broad class that they proposed. The motion was filed in August of 1979. A hearing was held on January 4, 1980. The decision denying notice was rendered in February of 1980. Our review of that decision must be premised upon the evidence that was before the district court at that time. There was none. The judge had before him only counsel's unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores.[4]

At oral argument, counsel for appellants suggested that the trial in 1981 revealed facts that showed there may have been other violations by Singer in the State of Florida. We do not, of course, judge the propriety of a class notification by hindsight. We must consider the evidence which was before the District Judge when he rendered his decision fourteen months earlier. No effort was made by the plaintiffs to amend or renew their notice request after the 1981 trial. We note that appellants in their reply brief have abandoned any claim that the notice should have been circulated throughout the State of Florida, and suggest that this Court now define an area based upon the 1981 trial testimony.

---

counterpart in a section 16(c) class action." *Woods*, 686 F.2d 578, 581, 582 (7th Cir.1982).

**3.** Numerous district courts, preceding, then following *Braunstein*, have agreed that section 216(b) does authorize notice under appropriate circumstances, e.g., *Monroe v. United Airlines, Inc.*, 90 F.R.D. 638 (N.D.Ill.1981); *Frank v. Capital Cities Communications*, 88 F.R.D. 674 (S.D.N.Y.1981); *Soler v. G. and U. Inc.*, 86 F.R.D. 524 (S.D.N.Y.1980); *Geller v. Markham*, 481 F.Supp. 835 (D.Conn.1979).

**4.** The two plaintiffs were both employees of a small Singer store located in Tallahassee, Florida. The store employed four to six employees. The record reveals the following colloquy as to the motion to certify and circulate the requested notice:

> THE COURT: Okay. What else is there to take up this afternoon? I will advise you on this. You have the—.
>
> MR. HENDERSON: Your Honor, I have a motion to certify this action as a statutory class action under Section 216(b) of the Fair Labor Standards Act. And I propose that notices then be sent to the putative class members, that a date certain be set for these notices to be returned, consent required by the fact, and at that time this action, after having utilized class action devices to get that to that stage, we have a joinder. I have submitted a proposed notice, and I think the issue has been briefed.
>
> THE COURT: Do you have any evidence to offer on this?
>
> MR. HENDERSON: Well, Your Honor, there is no legal evidence I want to offer.

There followed an extended legal argument relative to the "power" of the court to issue notice in 216(b) cases. Plaintiffs' counsel concluded his argument with this statement:

> "I think the Plaintiffs are entitled to this certification as a matter of law. Whether or not the Court decides to do so I think is within the discretion of the power of the Court. And I would like to argue that we should have one in this case."

## CONCLUSION

The District Judge declined to make a choice between the *Kinney Shoe* and *Braunstein* approach. He declared in essence that even if he was empowered to authorize notice, the requested authorization would not have been appropriate in this case. There was no evidence before him in February of 1980 that would have justified his doing so. We appreciate the serious disagreement among various federal courts as to whether notice may be given in FLSA section 16(b) cases. But, as the issue applies to the facts of this case, there can be no question about the result. Even using a *Braunstein* analysis it is entirely clear on this record that no notice should have been certified in this case. Surely, there was no abuse of discretion on the part of the trial court; or to put it another way, we are not left with the impression that any mistake has been committed.[5]

We affirm the decision of the trial court and find it inappropriate to choose between the various approaches, until there are better reasons to address them than are evident here.

AFFIRMED.

---

5. "Of course, if the trial court bases its findings upon a mistaken impression of applicable legal principles, the reviewing court is not bound by the clearly erroneous standard. *United States*

*v. Singer Manufacturing Co.,* 374 U.S. 174, 194 n. 9, 83 S.Ct. 1773, 1784 n. 9, 10 L.Ed.2d 823 (1963). However, in this instance the District Court applied correct legal principles ..."