Barbara Jean **HARPER**, et al., Plaintiffs,

v.

**LOVETT'S BUFFET, INC.,** d/b/a **Barnhill's Country Buffet,** Defendant.

No. Civ.A. 98–A–941–S.

United States District Court, M.D. Alabama, Southern Division.

Jan. 25, 1999.

Eugene P. Spencer, II, Bullard, Bullard & Spencer, Dothan, AL, Abigail P. van Alstyne, Gordon, Silberman, Wiggins & Childs, Birmingham, AL, for plaintiffs.

Charles A. Stewart, III, Sirote & Permutt, P.C., Montgomery, AL, Frances Heidt, Fern Singer, Sirote & Permutt, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice of Suit to Potential Opt–In Plaintiffs, filed December 15, 1998 (Doc. # 18). In addressing this Motion, the court also considers the Memorandum in Opposition to Plaintiffs' Motion for Class Certification and Authorization to Send Notice of Suit to Potential Opt–In Plaintiffs, filed by Defendant Lovett's Buffet, Inc., d/b/a Barnhill's Country Buffet ("Defendant") on January 11, 1999 (Doc. # 21).

Also before the court is a Motion to Strike Class Allegations (Doc. # 6), filed by Defendant on October 23, 1998. In addressing this Motion, the court also considers the Plaintiffs' Response to Defendant's Motion to Strike Class Allegations, filed November 20, 1998 (Doc. # 11), and the Defendant's Reply Brief in Support of Motion to Strike Class Allegations, filed December 3, 1998 (Doc. # 17).

Plaintiffs Barbara Jean Harper, Prency Poke, Latosha Davis, Sharon Carruthers, Stephanie Govan, Alice Farmer, and Draco Powell ("Plaintiffs") bring this suit individually and on behalf others similarly situated, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to remedy alleged violations of certain provisions of the FLSA. The court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiffs' Complaint, filed August 21, 1998, alleges that Defendant's employment practices willfully violate the minimum wage and maximum hour provisions of §§ 206 and 207 of the FLSA. Plaintiffs' Complaint further alleges that numerous other similarly situated employees at Defendant's business locations throughout the Southeast have been improperly compensated in violation of the FLSA. In their Complaint, Plaintiffs request the court to authorize Plaintiffs to give expedited notice to all other potential plaintiffs who may be similarly situated. See Compl., Prayer for Relief, at ¶ 1. Defendant has filed a Motion to Strike Class Allegations, objecting to Plaintiffs' request for authorization of notice to similarly situated individuals. Plaintiffs have filed a formal Motion for Conditional Class Certification and Authorization to Send Notice of Suit to Potential Opt–In Plaintiffs. The court's ruling on the merits of class certification and notice in this Memorandum Opinion and Order disposes of the issues addressed in both motions.

### II. FACTS

The Plaintiffs' Complaint avers the following facts:

Defendant Lovett's Buffet, Inc., d/b/a Barnhill's Country Buffet, is a corporation that owns a chain of restaurants throughout Alabama and other southeastern states.[1] Compl. at ¶ 3. Each of the named representative plaintiffs has worked as an hourly wage employee at Defendant's Dothan restaurant during the three years preceding the filing of this lawsuit. Compl. at ¶ 2; Motion for Conditional Class Certification at ¶ 2. Plaintiffs allege that the statutory definitions of "employee" and "employer" and the other prerequisites to FLSA applicability, are met. Compl. at ¶¶ 2–3.

Plaintiffs contend that Defendant has engaged in a long-standing, widespread practice of failing to pay its hourly employees proper wages pursuant to the FLSA. Compl. at ¶ 4. Plaintiffs specifically describe several employment practices which they perceive to be violations of the minimum wage and maximum hour provisions of the FLSA: (1) working employees "off the clock" in order to reduce the number of hours for which they must be paid; (2) not paying employees for any time when they are not on the floor working, including time spent on break, in the restroom, smoking, and in meetings; (3) always deducting a 30–minute break from each employee's hours worked, even if the employee is unable to take the break because the restaurant is too busy; (4)

---

1. Plaintiffs allege that Defendant owns restaurants in Alabama, Arkansas, Florida, Louisiana, Mississippi, and Tennessee. Compl. at ¶ 3.

requiring servers to personally pay someone three dollars per shift to roll clean silverware in napkins; (5) paying employees who work different jobs at the rate applicable to the lowest-paying job; (6) paying servers $2.13 per hour for performing non-server jobs for which no tips are or could be received; (7) giving servers W-2's and check stubs that falsely report tips not received; and (8) working minors in violation of the terms of their special certificates or work permits. Compl. at ¶ 8. Plaintiffs have witnessed these purported violations of the FLSA at Defendant's restaurant in Dothan, Alabama, where Plaintiffs worked, and allege that these same employment practices are common at every restaurant owned or operated by Defendant. Compl. at ¶ 11.

Plaintiffs allege that Defendant's pay plan for its managerial employee encourages these employment practices by requiring managerial employees to hold restaurant costs, including labor costs, below a predetermined level or percentage of the total sales volume at each restaurant in order to receive a bonus. Compl. at ¶¶ 12–13. Plaintiffs allege that pursuant to this incentive pay plan, if managerial employees do not keep their labor costs under a certain percentage of the restaurant's total sales, they face disciplinary action up to and including discharge. Compl. at ¶ 14. Plaintiffs further allege that Defendant's managerial incentive pay plan and policy of limiting overtime apply to the employees at all of Defendant's restaurants, resulting in widespread violations of the minimum wage and maximum hour provisions of the FLSA. Compl. at ¶ 17.

## III. *DISCUSSION*

The named, individual Plaintiffs have brought this claim on behalf of themselves and others similarly situated to remedy alleged violations of the minimum wage and maximum hour provisions of the FLSA. Plaintiffs seek conditional class certification to pursue their claims and authorization to send notice of this lawsuit to potential opt-in plaintiffs pursuant to § 216(b) of the FLSA. This section provides, in relevant part:

·Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... An action to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action....

29 U.S.C. § 216(b).

■ This section permits a plaintiff to bring a collective action on behalf of himself and others similarly situated, provided that the similarly situated plaintiffs opt in to the action. District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of the FLSA. *See Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 ˆ (1989). The power to authorize notice must, however, be exercised with discretion and only in appropriate cases. *Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir.1983).

■ In the absence of statutory or regulatory guidance as to when or how this discretion to authorize notice to "similarly situated" potential opt-in plaintiffs is to be exercised, the Eleventh Circuit requires a district court to make certain determinations before allowing a group of individual plaintiffs to give notice to other potential members of the plaintiff class under the FLSA. Specifically, "the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to

their job requirements and with regard to their pay provisions." *Dybach v. Florida Dep't of Corrections,* 942 F.2d 1562, 1567–68 (11th Cir.1991). Plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class that they propose. *Haynes,* 696 F.2d at 887.

The first and dispositive question is whether the original Plaintiffs and the potential opt-in plaintiffs are similarly situated.[2] *See Dybach,* 942 F.2d at 1567. Plaintiffs bear the burden to establish that they and the class they wish to represent are similarly situated. *See Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.1996).[3] This burden, which is not heavy, may be met by detailed allegations supported by affidavits. *Id.* at 1097. Plaintiffs request that the court allow Plaintiffs to send notice of this lawsuit to hourly wage employees[4] who have worked at any of Defendant's "family-style" restaurants in the Southeast during the three years preceding the filing of this lawsuit. Plaintiffs contend that each of Defendant's restaurants, regardless of its location, operates under centralized policies and procedures designed to minimize labor costs issued by Defendant's corporate office, and that these policies and procedures have resulted in widespread violations of the FLSA.

Defendant contends that Plaintiffs have not carried their burden of showing that all hourly wage employees at all of Defendant's restaurants are similarly situated to Plaintiffs. Defendant notes that Plaintiffs are attempting to represent a class consisting of hourly workers who were employed at different restaurants and who worked under different management personnel and in completely different environments in six (6) states. Defendant contends that given these differences, Plaintiffs have not shown that the individuals in this purported class are similarly situated to the named Plaintiffs.

Plaintiffs, however, present evidence which they contend supports that the class they seek to notify is similarly situated to Plaintiffs. Plaintiffs have provided, in their Response to Defendant's Motion to Strike Class Allegations, some fifteen (15) affidavits[5] which state that servers at Defendant's Dothan restaurant, who were paid $2.13 an hour, were required to do additional jobs for which they received no additional compensation and that these servers received W–2's and check stubs that falsely stated tips not received. *See* Response to Motion to Strike, Atts. A through O. The affidavits also state that management would, on occasion, clock out employees, including servers, cooks, hostesses, food preparation workers, and busboys, without their knowledge. *See id.* In their Motion for Conditional Class Certification, Plaintiffs allege that because of the nature of the jobs at issue and the uniformity of the corporate policies, practices, and procedures that affected the employees in these jobs, Plaintiffs "do not present the kind of difficult factual and legal questions that often arise in FLSA class cases." Motion for Conditional Class Certification at ¶ 3. The court,

---

**2.** Defendant, as a preliminary matter, contends that Plaintiffs' Motion for Conditional Class Certification is due to be denied because Plaintiffs' claims for overtime compensation require proof of the exact amount due to each individual plaintiff, and that, therefore, individual issues will predominate over class issues. *See Bayles v. American Medical Response of Colo.,* 950 F.Supp. 1053, 1067 (D.Colo.1996) (finding that the plaintiffs could not proceed to trial as a class because their claims were "fraught with questions requiring distinct proof as to individual plaintiffs.") In *Bayles* the court de-certified a conditional class after consolidated discovery, case management, and trial preparation. *Id.* Because, however, in the present case, the court is considering only conditional certification and authorization of notice, the court does not find this non-binding opinion relevant.

**3.** *Grayson,* like *Hoffmann–La Roche,* involved ADEA class actions, brought as § 216(b) actions pursuant to the ADEA's express statutory adoption of § 216(b) of the FLSA.

**4.** This class of "hourly wage employees" apparently contains those who worked as dining room servers, food and salad bar workers, cooks, dishwashers, cashiers, hostesses, bakers, and busboys.

**5.** Twelve of these affidavits are signed by servers, one is signed by a cook, one is signed by a hostess, and one is signed by a food preparation worker. *See* Response to Motion to Strike at Atts. A through O. All of the affidavits are signed by individuals who worked at Defendant's Dothan restaurant. *See id.*

however, does not find Plaintiffs' analysis wholly persuasive.

The court notes that Plaintiffs have not presented any evidence to support their allegation that Defendant's corporate-wide incentive pay plan for its managerial employees resulted in violations of the minimum wage or overtime provisions of the FLSA. Plaintiffs, furthermore, have not presented any evidence that such an incentive pay plan even exists. Nor have Plaintiffs presented evidence of a uniform corporate practice discouraging overtime. While Plaintiffs have presented evidence that FLSA violations may exist with regard to certain hourly wage employees at Defendant's Dothan restaurant, there is a total dearth of factual support for Plaintiffs' allegations of widespread wrongdoing at Defendant's other restaurants. *See Haynes v. Singer Co., Inc.,* 696 F.2d 884 (11th Cir.1983) (finding no abuse of discretion for district court's refusal to authorize class notice where plaintiff's counsel offered only unsupported allegations of widespread FLSA violations).

The class of "hourly wage employees" which Plaintiffs seek to represent contains individual employees who have worked at different restaurants, in different states, for different managers, and, most likely, in quite different working conditions. *See Brooks v. Bellsouth Telecomm., Inc.,* 164 F.R.D. 561, 569 (N.D.Ala.1995) (finding that employees in nine (9) states, working in separate departments and under separate supervisors, among other differences, did not meet the "similarly situated" standard of § 216(b) of the FLSA because of "disparate factual and employment settings"). Plaintiffs have not made a showing that any hourly wage employee at any of Defendant's restaurants, other than at the restaurant in Dothan where the named, individual Plaintiffs and the individuals who have filed Notices of Consent to be a Party Plaintiff worked, was subjected to employment practices which potentially violated the FLSA.

On the basis of evidence supporting possible FLSA violations at one restaurant and unsupported allegations of widespread wrongdoing at Defendant's other restaurants, Plaintiffs request that this court autho-rize them to notify all hourly employees who have worked at any of Defendant's restaurants in some six (6) states within three (3) years of the filing of this lawsuit of the existence of this lawsuit and to provide the opportunity for these employees to opt-in to the litigation. The court cannot, on the basis of the evidence presented, find these individuals to be "similarly situated" to the named, individual Plaintiffs or allow even the conditional certification or provision of notice to such a huge, diverse class. *See Tucker v. Labor Leasing, Inc.,* 872 F.Supp. 941, 948 (M.D.Fla.1994) (finding that the plaintiffs had failed to show that employees working at truck terminals other than the terminal where the named plaintiffs worked were similarly situated to the named plaintiffs); *cf. Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 262 (S.D.N.Y.1997) (certifying class based on substantial allegations of a uniform, widespread policy which violated the FLSA, where the existence of the policy was factually supported by the defendant's admissions and other documentary evidence).

Since this court cannot "satisfy itself that there are other employees (at other restaurants) who desire to 'opt-in' and who are 'similarly situated,'" as required by the Eleventh Circuit in *Dybach,* 942 F.2d at 1567–68, the court will not allow notice to be sent to employees of other restaurants.

■ While the court cannot permit conditional certification of a corporate-wide class or notification of all hourly wage employees of the corporation, this does not prohibit the possibility of the maintenance of a § 216(b) action by a smaller class. *See Tucker,* 872 F.Supp. at 949 (authorizing notice to the employees at a single truck terminal owned by the defendant). As noted above, Plaintiffs bear the burden to establish that they and the class they wish to represent are similarly situated. *See Grayson,* 79 F.3d at 1096. This burden, which is not heavy, may be met by detailed allegations supported by affidavits. *Id.* at 1097. Plaintiffs have presented evidence that servers at Defendant's Dothan restaurant have identical pay provisions and are required to do additional tasks which fall outside of their job requirements as servers, for which they receive less than the required

minimum wage. Plaintiffs' affidavits also show that other hourly employees who worked at Defendant's Dothan restaurant may have been similarly situated in the fact that management clocked them out without authorization, resulting in possible violations of the minimum wage and maximum hour provisions of the FLSA.

Plaintiffs have alleged that these incidents resulted from corporate policies which place pressure on management level employees to minimize labor costs and discourage overtime. While Plaintiffs have not produced evidence of such general corporate policies, they have shown a pattern of potential FLSA minimum wage and overtime violations in the employment practices regarding hourly wage employees at Defendant's Dothan restaurant. Such a pattern is evidence that these employees are "similarly situated" within the meaning of § 216(b) of the FLSA. In addition, Plaintiffs have filed twenty-one (21) Consents to Become Party Plaintiffs, signed by hourly wage employees at Defendant's Dothan restaurant, showing that there are other employees of the Defendant who desire to opt-in to the litigation. *See Dybach,* 942 F.2d at 1567–68.

Defendant argues that because the members of the putative class held different positions, including employment as servers, food and salad bar workers, cooks, dishwashers, cashiers, hostesses, bakers, and busboys, Plaintiffs have not shown that the members of the putative class are similarly situated to the named, individual Plaintiffs in their job requirements and pay provisions, as required by *Dybach.* The court notes, however, that in *Dybach,* the Eleventh Circuit, in instructing the district court to determine whether members of a putative class were similarly situated in their job requirements and pay provisions, directed it to evaluate a distinct factual scenario. The result in *Dybach* turned on the applicability of the professional exemption to the FLSA's overtime provision, and the Eleventh Circuit noted that the determinative factor in evaluating the professional exemption's applicability is the job requirement of working in a professional capacity. *Dybach,* 942 F.2d at 1565. Both the particular job skills required and the salary paid are taken into account in evaluating whether an employee works in a professional capacity and whether, therefore, the employer can qualify for the professional exemption. *See id.*

The present case is distinguishable from *Dybach* in two important ways. First, the present case presents an additional claim for violations of the minimum wage provision of the FLSA. *Dybach* did not address the standard for determining whether putative class members were similarly situated to named plaintiffs for purposes of minimum wage violations. The court finds, furthermore, that, in the present case, and for purposes of the current Motions, the class of "hourly wage employees" at Defendant's Dothan restaurant are similarly situated to the named Plaintiffs in their pay provisions. Second, and most important, the present case does not involve a question of the applicability of the professional exemption to the overtime provision of the FLSA. The job requirements of the Plaintiffs' and the putative plaintiff class members' employment positions, therefore, are not in issue; all are covered by the FLSA.

The issues, rather, in accordance with 29 U.S.C. § 216(b), are whether Defendant's employment practices violated the minimum wage and overtime provisions of the FLSA with respect to the individual Plaintiffs and whether any other employees are similarly situated to the individual Plaintiffs. *See* 29 U.S.C. § 216(b). Plaintiffs have alleged that they suffered employment practices which violated the FLSA minimum wage and overtime provisions and that members of the putative plaintiff class were treated similarly. Plaintiffs have provided some evidence that, at Defendant's Dothan restaurant, hourly employees were subjected to management's practice of clocking them out while they were, presumably, still working. An inference can be drawn that such actions could result in violations of both the minimum wage and overtime provisions of the FLSA. Plaintiffs, therefore, have demonstrated a reasonable basis for crediting their assertion that other aggrieved individuals exist within the class of hourly wage employees at Defendant's Dothan restaurant. *See Haynes,* 696

F.2d at 887; *Grayson,* 79 F.3d at 1097; *see also Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y.1997) (noting that plaintiffs can meet the burden of showing members of a class are "similarly situated" by "making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.")

Plaintiffs have made substantial, detailed allegations of FLSA violations and provided evidentiary support that they, like other members of the putative opt-in plaintiff class, were the victims of employment practices at Defendant's Dothan restaurant which resulted in these violations. *See Grayson,* 79 F.3d at 1097. Thus, given the evidence supporting Plaintiffs' factual allegations regarding hourly wage employees at Defendant's Dothan restaurant, the court finds that allowing conditional class certification and provision of notice of this lawsuit to hourly wage employees who have worked as servers at Defendant's Dothan restaurant in the three (3) years preceding the filing of this lawsuit is appropriate.

Plaintiffs, therefore, will be authorized to give notice of this lawsuit to a limited class, consisting of those hourly wage employees who worked at Defendant's Dothan restaurant during the three (3) years preceding the filing of this lawsuit. That class will be conditionally certified, and members of the class will be given the opportunity to opt in to the lawsuit. The court notes, however, that this conditional certification is based on a preliminary finding that the named, individual Plaintiffs and the class of hourly wage employees at Defendant's Dothan restaurant are similarly situated. *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213–14 (5th Cir.1995) (noting that, at the notice stage, the burden on plaintiffs to show that they and potential opt-ins are similarly situated is a "lenient" one). Subsequent discovery may reinforce or undermine this finding. If discovery reveals that Plaintiffs and the members of the conditionally certified class are not similarly situated, Defendant may move to "decertify" the class. *See Harrison v. Enterprise Rent–A–Car Co.,* No. 98–233–CIV–T–24(A), 1998 WL 422169, at *3 (M.D.Fla. July 1, 1998).

## V. *CONCLUSION and ORDER*

For the foregoing reasons, Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice of Suit to Potential Opt–In Plaintiffs (Doc. # 18) is due to be granted in part and denied in part, and Defendant's Motion to Strike Class Allegations (Doc. # 6) is due to be denied.

It is hereby ORDERED:

(1) Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice of Suit to Potential Opt–In Plaintiffs is GRANTED, with respect to the class of all hourly wage employees who have worked at Defendant's Dothan restaurant during the three (3) years preceding the filing of this lawsuit.

(2) Defendant is Directed to furnish Plaintiffs immediately, if it has not already done so, with the names and addresses of all members of the conditionally certified class.

(3) Plaintiffs are hereby ORDERED to modify their Notice of Pendency of Fair Labor Standards Act Wage and Hour Law Suit form to conform with subsection (1) of this Order and to submit it to the court and opposing counsel, no later than February 3, 1999, for approval before mailing it to the class of potential opt-in plaintiffs conditionally certified pursuant to subsection (1) of this Order.

(4) Plaintiffs are hereby required to file all Consents to Become Party Plaintiffs in this lawsuit within forty-five (45) days of the court's approval of their Notice of Pendency of Fair Labor Standards Act Wage and Hour Law Suit form.

(5) Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice of Suit to Potential Opt–In Plaintiffs is DENIED as to all other employees of Defendant.

(6) Defendant's Motion to Strike Class Allegations (Doc. # 6) is DENIED.