Anna BARRON, et al., Plaintiffs,

v.

**HENRY COUNTY SCHOOL SYSTEM, Defendant.**

**No. CIV.A.02–A–785–S.**

United States District Court, M.D. Alabama, Southern Division.

Jan. 14, 2003.

Buffington PA, Flowood, MS, Marc Edward Brand, Marc E. Brand, Michael A. Espy, Michael Espy PLLC, Jackson, MS, Jason S. Ehrlinspiel, McNeill & Buffington PA, Flowood, MS, for Plaintiffs.

James R. Seale, Elizabeth B. Carter, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, AL, for Defendant.

### MEMORANDUM OPINION

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This cause is before the court on the Plaintiffs' Motion for Conditional Class Certification and Issuance of Court Supervised Notice to All Others Similarly Situated to Opt–In Pursuant to Rule 216(b) of the Fair Labor Standards Act ("FLSA"), the Defendant's Motion to Strike Evidence Submitted by Plaintiffs in Support of Motion for Conditional Class Certification, the Plaintiffs' Motion to Strike Affidavit Submitted by Defendants in Support of Defendants' Memorandum Brief in Support of its Objection to Plaintiffs Motion for Conditional Class Certification, the Defendant's Motion for Leave to Respond to Plaintiffs' Motion to Strike, and on the Defendant's Motion to Strike Culver's Second Affidavit.

The Plaintiffs ask the court to certify this case as a collective action under the FLSA, and ask for back compensation and liquidated damages for unpaid overtime work. Since the filing of the Complaint, the court has granted a Motion to Add Party Plaintiffs pursuant to the FLSA, and has allowed individuals who filed Consents to Suit to participate as Plaintiffs.

For reasons to be discussed, the court determines that the Defendant's Motions to Strike are due to be DENIED, the Plaintiffs' Motion to Strike is due to be DENIED, the Defendant's Motion for

Francis E. Leon, Jr., Huey & Leon, Robert S. Ramsey, Ramsey Law Firm PC, Mobile, AL, John B. MacNeill, MacNeill &

Leave to Respond to the Plaintiffs' Motion to Strike is due to be DENIED as moot, and the Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice to Potential Opt-in Plaintiffs is due to be GRANTED.

## II. *FACTUAL BACKGROUND*

The Plaintiffs and the potential collective action members in this case are employed with the Defendant in various positions, including bus drivers, custodians, assistant teachers, janitors, cafeteria workers, maintenance workers, bus barn employees, secretaries, cafeteria managers, mechanics, maids, and security guards.

The Plaintiffs state that all of the putative collective action members were victims of a common plan or policy of "knowing and purposefully" failing to pay overtime wages for all time worked in excess of forty hours (40) hours as is required by the FLSA. The Plaintiffs do not point to or provide evidence of any particular employment practice leading to these alleged violations. The Plaintiffs have provided affidavits from a person designated by them as an expert in this field which present the opinion that there are abuses of the FLSA in the Middle District of Alabama, including the Defendant school system.

## III. *DISCUSSION*

The Plaintiffs move the court to certify a conditional class of current and former employees and to authorize notice to these individuals of their right to "opt-in" to the collective action. In support of this motion, the Plaintiffs have submitted exhibits in the form of a transcript of a television interview, an affidavit from an employee of the Defendant, orders from a case filed in federal district court in Mississippi, and a sample notice form. The Plaintiffs have also filed supplemental exhibits in the form of the affidavit of Wayne Culver and a chart purporting to visually represent the break down by job description by various positions in the Middle District of Alabama. In response to a Motion to Strike by the Defendant, the Plaintiffs have also filed an additional affidavit by Wayne Culver. The Plaintiffs contend that their evidence supports the inference that a number of similarly situated, aggrieved individuals exist in the school district. The Defendant contends that the Plaintiffs have failed to make such a showing, and that the court should decline to certify a collective action.

Before the court addresses the motion for conditional certification of a collective action, the court will first address the evidence which it will review in ruling on the certification motion.

### A. Motions to Strike

The Defendant has moved to strike Plaintiffs' exhibits 1, 2, 3, and 4 and the supplemental filings of the affidavits of Wayne Culver. The Plaintiffs have moved to strike all of the affidavits submitted by the Defendants in support of their objection to Plaintiffs' Motion for Conditional Class Certification.

#### 1. Defendant's Motions to Strike

The Plaintiffs have provided a transcript from a television show called *For the Record.* The Defendant challenges both the authenticity and the relevance of this evidence. In the transcript, Dr. Sandra Sims-deGraffenried, Executive Director for the Alabama Association of School Boards, and Sally Brewer Howell, Assistant Executive Director for the Alabama Association of School Boards, made statements that Alabama schools were aware of wage and hour problems because of lawsuits which had been filed in Mississippi. The Defendant argues, however, that Sims-deGraffenried and Howell do not have any personal knowledge regarding this particular Defendant. The Defendant has provided two affidavits in which Sims-

deGraffenried and Howell state that they were not representing any school system when they spoke on *For the Record.*

Assuming that the evidence could be reduced to admissible form if it is not currently admissible, the court must agree that statements that school systems in general may have problems with compliance with FLSA standards, if at all probative, is only slightly probative of whether persons within the Defendant's school system exist who have been denied overtime in violation of the FLSA. The court does not agree, however, that the evidence is due to be stricken, but the court will consider it only for the weight which it is due.

The Plaintiffs have also submitted a document[1] by an employee of the Defendant which states that there are other employees in the school system who were not paid for overtime work. The Defendant argues that the statement is due to be stricken because it does not meet the requisite standards for affidavits under the Federal Rules of Civil Procedure in that it has not been properly sworn to or notarized. The Defendant also states that there is no statement in the affidavit that it is based on personal knowledge, but instead contains a statement that the information is based on information and belief. The Defendant contends that it appears that the information contained within it is based on hearsay.

The document ends with an acknowledgment that the person declares and affirms under penalty of perjury that the contents of the affidavit are true and correct to the best of her knowledge, information, and belief. This acknowledgment substantially complies with 28 U.S.C. § 1746, which prescribes the form for unsworn declarations under penalty of perjury. The court concludes, therefore, that the unsworn declaration is not due to be stricken on the basis that it is not notarized. The document also contains the statement that the "affiant" "is aware" of other individuals who have worked more than forty hours a week without compensation, and names individuals by name. The court cannot conclude, therefore, that this exhibit is due to be stricken, and the court will consider the affidavit for the weight that it is due.

The Plaintiffs have also submitted filings from litigation which occurred in Mississippi. The Defendant argues that these documents are irrelevant and prejudicial as they have no bearing on the issues in this case. This court must agree that the documents from the Mississippi litigation do not bear on the existence of similarly situated putative Plaintiffs. The Plaintiffs respond, however, that these exhibits were merely offered as a guide to the court on the way in which litigation in Mississippi was conducted. The court will not strike these exhibits, therefore, but will only consider them to the extent that they aid the court.

The Plaintiffs have made a supplemental filing of two affidavits of Wayne Culver. The Defendant moves to strike these affidavits on the ground that they are not proper expert testimony under Federal Rule of Evidence 702. The Defendant argues that there is no indication that Culver has any knowledge, skill, experience, training, or education which would qualify him as an expert and there is no evidence that Culver reviewed any information relative to the Defendant. The Defendant further contends that the affidavit is based on interviews, but there is no evidence as to who was called or what information was asked. The Defendant points out that Culver's affidavit states that he is not making any representation as to the quality or quantity of each school system's separate time records or to the validity of any over-

---

1. The document is labeled an "Affidavit."

time claim employees may have. The Defendant argues Culver's affidavit is not helpful and should be stricken.

In his second affidavit, Culver states that he reviewed interview sheets for 75 employees in eleven Alabama counties within the Middle District of Alabama and has subsequently reviewed 17 additional interview sheets for 6 other county school systems and an additional 25 interview sheets for the 11 counties originally reviewed. He has prepared and attached a summary of his findings. He further states that the interview sheets are similar to those used by the Department of Labor during his experience as an investigator with that department. He states that investigators typically rely on such information-gathering tools. Culver identifies a particular employment practice which has contributed to FLSA violations in his opinion: the regular assignment of custodians to "close-up" the school at the end of the school day or after athletic events. He also identifies as a practice school districts' employing people in two positions for which they are paid separately. It appears from the summary exhibit that Culver reviewed the interview sheets of at least one person employed with the Defendant.

The court is persuaded that Culver has provided a sufficient basis for the court to consider him to have legally significant expertise in the area of evaluating wage and hour violations in school systems, at least for the purpose of determining whether there is evidence to support a collective action. Culver offers the opinion that it is reasonable, based on his experience as an investigator with the Department of Labor, to conclude that there are employees throughout the Middle District of Alabama who have been denied overtime wages in violation of the FLSA. Evidence that employees in general may exist, rather than employees in the particular

Defendant's school district, is, if at all, only slightly probative of the issue of whether putative collection action members exist in this case, however. The fact that Culver's second affidavit to a certain degree ties his conclusions more specifically to the Defendant entitles his opinions to somewhat more weight. Therefore, the court will consider Culver's opinions for the weight they are due, considering that at least one of the interview sheets relied upon originated from the Defendant school system. Accordingly, the Defendant's Motions to Strike Culver's affidavits are due to be DENIED.

### 2. Plaintiffs' Motion to Strike

The Plaintiffs have moved to strike all of the Defendants' exhibits, but only advance arguments as to the Defendant's exhibit which consists of the affidavit of the representative of the Defendant. The court will only consider the motion as it relates to that evidence, therefore. The Plaintiffs contend that the affidavit is irrelevant because it goes to the merits of the Plaintiffs' claims. The Plaintiffs also state that the affidavit is necessarily beyond personal knowledge because persons in administrative positions cannot observe the Plaintiffs' work hours. As the affidavit appears to be based on school system documents, not observations, the court will not strike the affidavit, but will only consider it to the extent that it bears on the inquiry at hand. Therefore, the Defendant's Motion for Leave to Respond to Plaintiff's Motion to Strike is due to be DENIED as moot.

### B. Motion for Conditional Certification

■ Section 216(b) of the FLSA provides, in pertinent part:

Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation,

as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party Plaintiffs to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b). *See Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)[2]; *Hipp v. Liberty National Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir.2001) ("The decision to create an opt-in class under § 216(b), like the decision to certify a class under Rule 23, remains soundly within the discretion of the district court"). The power to authorize notice must, however, be exercised with discretion and only in appropriate cases. *See Haynes v. Singer Co.,* 696 F.2d 884, 886 (11th Cir.1983).

 In the absence of statutory or regulatory guidance as to when or how this discretion to authorize notice to "similarly situated" employees is to be exercised, the Eleventh Circuit has held that a district court should make certain determinations before allowing an individual plaintiff to give notice to other potential members of a Plaintiffs class under the FLSA. Specifically, "the district court should satisfy itself that there are other employees of the defendant-employer who desire to 'opt-in' and are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Florida*

*Dept. of Corrections,* 942 F.2d 1562, 1567–68 (11th Cir.1991). Plaintiffs have the burden of demonstrating a reasonable basis for crediting the assertion that aggrieved individuals exist in the class they propose. *See Haynes,* 696 F.2d at 887.

In this case, the Plaintiffs have provided a statement, made under threat of perjury, to establish that there are individuals within the Defendant school system who have suffered wage and hour violations by working in excess of forty hours a week without receiving overtime payments. The Defendant argues that there are no facts to support that the person offering the statement has personal knowledge of the referenced employees' work schedules. The statements represent that the person giving the statement "is aware" of others who have worked overtime without being compensated and lists those individuals by name, however. The Plaintiffs have also provided the affidavits of Wayne Culver to demonstrate that there are people within the school system who have not been paid overtime which they are due.

The court must conclude that although the evidence presented by the Plaintiffs is not overwhelming, there is some evidence that there are persons within the school system in question who were not paid overtime. As to the issue of whether there is evidence that others desire to participate in this suit, there have been consents to suit already filed, and the court has granted a motion to allow those persons to be plaintiffs. The court will accept, for purposes of deciding the instant motion for conditional collective action certification, that there are persons within the relevant school district who have suffered wage and hour violations who would join in this suit if they had notice of the suit. The next question before the court, therefore,

**2.** *Hoffmann–La Roche* involved an ADEA collective action, brought as a § 216(b) action pursuant to the ADEA's express statutory adoption of § 216(b) of the FLSA.

is whether these persons are similarly-situated within the meaning of the FLSA in order to warrant a collective action in this case, and the giving of notice to other employees of their right to join.

■ A number of courts have struggled with the meaning and application of the "similarly situated" requirement of § 216(b). *See, e.g., Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213–14 (5th Cir. 1995); *Shushan v. Univ. of Colorado,* 132 F.R.D. 263 (D.Colo.1990); *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J.1987). The Eleventh Circuit has expressed the view that the "similarly situated" requirement is "more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1095 (11th Cir.1996). The court further held "that a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b) ...." *Id.*[3] The Eleventh Circuit has subsequently reconfirmed that a unified policy, plan, or scheme of discrimination may not be required to satisfy the liberal standard under § 216(b). *See Hipp v. Liberty National Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir.2001); *Stone v. First Union Corp.,* 203 F.R.D. 532, 542 (S.D.Fla.2001).

A plaintiff bears the burden of establishing that he and the class he wishes to represent are similarly situated. *See Grayson,* 79 F.3d at 1096. Ordinarily, this burden is not heavy and may be met by detailed allegations supported by affidavits. *Id.* at 1097. The Eleventh Circuit, relying on Fifth Circuit precedent, has outlined a two-tiered approach whereby the court applies a lenient standard of "similarly situated" at the notice stage, and then applies a more stringent standard of "similarly situated" at a stage typically precipitated by a defendant's motion for decertification. *See Hipp,* 252 F.3d at 1218; *see also Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095 (10th Cir. 2001).

In this case, the Plaintiffs have indicated an intention to proceed on a theory that similarity is met without the presence of a policy or plan, based simply on the fact that there are FLSA violations involving employees of the Defendant. To properly evaluate this position, the court will more closely examine the circumstances under which a policy or plan is, or is not, appropriate.

It appears that while a unified policy is not required in all cases, it may be needed in a particular case to serve the policy of judicial economy. Noting that § 216(b) reflects a policy in favor of judicial economy, the Supreme Court has opined that "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann–La Roche,* 493 U.S. at 170, 110 S.Ct. 482. In *Hoffmann–La Roche,* the defendant had ordered a reduction in work force and had discharged or demoted some 1200 employees. A group of former employees obtained consents to opt-in from 600 people who felt they were discriminated against by the defendant's cutbacks. *See id.* at 168, 110 S.Ct. 482; *see also*

---

**3.** In that case, the court was "persuaded that the allegations, affidavits, and depositions [met] a standard of greater stringency than the 'similarly situated' standard found in § 216(b)." *Grayson,* 79 F.3d at 1096. There was a considerable amount of evidence supporting the inference that the defendant had instituted a discriminatory plan to rid itself of older managers. *See id.* at 1097–99. Indeed, later in the opinion the court stated that the Plaintiffs needed to make "substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits 'which successfully engage defendants' affidavits to the contrary.'" *Id.* at 1097.

*Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y.1997) (holding that plaintiffs met the similarly situated requirement by pointing to an express, company-wide employment policy allegedly in violation of the FLSA).[4]

Other courts within this circuit, prior to the *Grayson* decision, have determined that members of a proposed class were not similarly situated where the supposedly unlawful activities of the employer were not shown to be pursuant to a common scheme, plan, or policy. *See, e.g., Brooks v. BellSouth Telecommunications, Inc.*, 164 F.R.D. 561, 569 (N.D.Ala.1995) ("it is clear that any claims of the proposed opt-in plaintiffs would present disparate factual and employment settings"), *aff'd without op.*, 114 F.3d 1202 (11th Cir.1997); *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947–49 (M.D.Fla.1994) (requiring a common policy). In fact, the Fifth Circuit case from which the Eleventh Circuit derived the two-step ad hoc approach for determining whether persons are similarly situated, noted that courts at the notice stage appear to require substantial allegations that the putative class members were together victims of a single decision, policy, or plan infected by discrimination. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 n. 8 (5th Cir.1995); *see also Briggs v. U.S.*, 54 Fed. Cl. 205 (2002)(requiring evidence of a common plan or scheme).

■ This court has previously determined that although the Eleventh Circuit has now made it clear that in this circuit a plaintiff may establish that others are "similarly situated" without pointing to a particular plan or policy, a plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions, because without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse. *White v. Osmose*, 204 F.Supp.2d 1309 (M.D.Ala.2002). Another district court outside of this circuit has examined the Eleventh Circuit standard and also concluded that while a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal similarly situated requirement, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency. *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 416 (D.Or. 2002).

The Eleventh Circuit did not articulate in *Grayson* or *Hipp* the basis for stating that no policy of discrimination may be necessary to meet the similarly situated requirement. In *Grayson*, there was sufficient evidence of a policy of age discrimination. *Grayson*, 79 F.3d at 1095–96. In *Hipp*, the plaintiff proceeded on a theory of a pattern and practice of discrimination under the ADEA. The court explained that under such a theory the plaintiff must prove that the discrimination was the company's standard operating procedure. *Hipp*, 252 F.3d at 1227. To meet this burden, a plaintiff must do more than prove the occurrence of isolated or sporad-

---

4. In addition to the policy of judicial economy noted by the Supreme Court, *see Hoffmann–La Roche*, 493 U.S. at 170, 110 S.Ct. 482, one court concluded that the remedy in § 216(b) is an attempt by Congress to balance the competing policies of strict enforcement of the statutory objective of insuring minimally acceptable pay levels and the avoidance of economic disruption of unanticipated liabili-

ties. *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F.Supp. 1027, 1029 (N.D.Cal.1972). It seems to this court that allowing collective actions to proceed based solely upon the mere fact that more than one employee complains of having been denied overtime, without an identification of some policy, would upset this balance.

ic discriminatory acts. *Id.* at 1227–28. As explained by the Tenth Circuit, in a pattern or practice case, the plaintiff must first demonstrate that the employer had a policy of discrimination, and then must demonstrate that adverse employment actions suffered by each person were caused by that practice. *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095 (10th Cir.2001). A pattern and practice case does not require that there be an express or formal policy of discrimination, however. *See Hipp,* 252 F.3d at 1208 n. 26 (citing *EEOC v. Joe's Stone Crab,* 220 F.3d 1263, 1286 (11th Cir.2000)).

From these ADEA cases it appears that even though a specific unified policy of discrimination is not always required to establish that plaintiffs are similarly situated, if a plaintiff seeks to rely on a pattern and practice of discrimination to prove that others are similarly situated, rather than on similarity in job title or other aspects of employment, then in such a case a plaintiff must demonstrate that there is a policy, even if not formal, of discrimination. In other words, while the Eleventh Circuit does not require a "unified policy, plan, or scheme of discrimination," if a plaintiff intends to proceed on a pattern and practice theory, there must at least be a detailed allegation of a policy of discrimination, supported by affidavits, to show some degree of commonality necessary for there to be a collective action under the ADEA.

The analysis of the ADEA cases in which a pattern and practice was alleged is difficult to apply in FLSA cases, however. That is, in an ADEA case, the adverse employment actions are said to be motivated by discrimination based on age, and an individual plaintiff may attempt to show that an adverse employment action taken against him or her was due to that policy of discrimination. In an FLSA overtime case, though, there is no discrimination based on a protected characteristic such as age. The question is whether the employer paid overtime wages.

In this case, there is apparently no dispute that the employees at issue are in various job classifications and employed at different schools within the Defendant system. While this is not fatal to a finding that the plaintiffs are similarly situated, *see Harper v. Lovett's Buffet,* 185 F.R.D. 358 (M.D.Ala.1999), the mere fact that violations occurred cannot be enough to establish similarity, as that would not ultimately be sufficient to establish a pattern and practice without a showing that the violations were more than sporadic occurrences.[5] To conclude otherwise, that is, to conclude that it is enough to demonstrate that employees are similarly situated simply to say that they claim violations of the law by the same employer, would be to conclude that any time an employer had two or more employees who allegedly were not being paid the overtime they claimed they were due, the employees would be similarly situated and be allowed to proceed with a collective action. While plaintiffs certainly are not required to prove by a preponderance of the evidence a pattern and practice at the notice stage, because there is no requirement of a motivating discriminatory animus in an FLSA case, a pattern in such a case must stem from some other formal or informal policy or practice.

In *Harper,* an FLSA case, this court determined that the factual or legal nexus for employees to be "similarly situated" is met when a discrete group of employees sufficiently provides evidence of a pattern of FLSA violations. The plaintiffs sought to bring a collective action on behalf of people in various positions including ser-

---

**5.** Unless, of course, the employer had a policy of refusing to pay any overtime to any employee. The Plaintiffs do not appear to be taking that position in this case, however.

vers, cooks, and busboys. In that case, the Plaintiffs argued that there were at least two policies which contributed to FLSA violations: requiring employees to do additional tasks outside of their job requirements as servers, and management's clocking other hourly wage earners out without authorization. The defendant argued that the variances in the type of position were too great for the employees to be similarly situated. This court was convinced, however, by the affidavits presented that there was sufficient evidence of a pattern to conclude that FLSA violations were occurring throughout the restaurant. *Harper*, 185 F.R.D. at 364. This court concluded, therefore, that as the plaintiffs had "provided evidentiary support that they, like other members of the putative opt-in plaintiff class, were the victims of employment practices ... which resulted in these violations," the court would certify the collective action. *Id.* at 365.

■ In this case, the Plaintiffs initially defined the similarly situated employees as "any employee owed back wages from the Defendant." Plaintiffs' Memorandum of Law, page 1. The Plaintiffs also stated that the Defendant had a policy of knowingly and purposefully failing to pay overtime wages. The Plaintiffs have not explained, however, what the basis of this allegation is, nor have they provided any affidavits to support such an allegation. In response to the Defendant's objections to conditional certification of a collective action, the Plaintiffs have pointed out that their proffered expert evidence indicates that there may have been practices within the Middle District of Alabama which have caused FLSA violations, such as requiring janitors to clean up after school and failing to pay overtime to employees who work as both

substitute teachers and bus drivers. In their Reply brief, the Plaintiffs have stated that these practices were part of the pattern and practice of violations.

The proferred expert states that in his experience, based on the interview sheets he reviewed, the types of complaints he reviewed reveal systemic, rather than individual, abuses. *See* Culver Second Affidavit at ¶ 9. According to Culver, there are two examples of practices which indicate that the nature of the FLSA violations in the Defendant school system is systemic: extra work requirements of janitors and dually employed bus drivers and substitute teachers. *Id.* In offering his opinions, Culver points to a chart attached to the affidavit which indicates the interview sheets he reviewed for each system and the positions in which the persons interviewed were employed. Specifically with regard to this Defendant, Culver indicates that he reviewed the interview sheets of two persons who identified themselves as custodians. As Culver's evidence, therefore, supports his broader conclusion that there are systemic FLSA abuses based on a practice of requiring extra work of custodians, the court must conclude that, under the lenient standard applicable at this stage in the conditional certification procedure, the Plaintiffs have presented affidavit evidence which indicates that there are similarly situated persons who have suffered FLSA violations because there is evidence not only that there are other persons who have been deprived of overtime pay, but there is expert evidence that such violations were systemic within the school district, as evidenced by a particular practice. Here, as in *Harper*, this court must conclude that this pattern and practice evidence justifies the conditional certification of all hourly wage earners.[6]

---

6. The Defendant makes additional arguments such as that particular persons in this case are not similarly-situated because they have

not been employed with the Defendant within the last three years, or other fact-specific ar-

## IV. *CONCLUSION*

This case is one of several filed by Plaintiffs' counsel contending that various school systems in the Middle District of Alabama have been violating wage and hour laws in that persons covered by the Fair Labor Standards Act have not been paid overtime for hours worked in excess of forty hours a week. Although the Plaintiffs have not pointed to one unifying policy as a source of these violations, a single policy is not required to establish that employees are "similarly situated" under Eleventh Circuit precedent. *See Grayson*, 79 F.3d at 1095. Where, however, a plaintiff seeks certification of an FLSA case as a collective action on a theory that similarity is established by virtue of the presence of other FLSA violations, rather than by job duties, there must at least be some commonality among employment actions to establish a pattern. *See Harper*, 185 F.R.D. at 364. The Plaintiffs have presented some evidence to support a finding that such a pattern exists in this case. As the court earlier explained, under the two-step ad hoc approach, the court's first examination of the similarly situated requirement is under a very lenient standard which "typically results in 'conditional certification.'" *Hipp*, 252 F.3d at 1218. Therefore, although the court will re-examine the similarly situated status of the putative collective action members if asked to do so at a later stage in a motion to de-certify filed by the Defendant, at this point in the proceedings, the Plaintiffs have satisfied the burden of demonstrating that there are similarly situated persons who have suffered a pattern and practice of FLSA violations sufficient to warrant conditional certification of a collective action in this case covering all hourly wage employees.

A separate Order will be entered in accordance with this Memorandum Opinion.

## *ORDER*

In accordance with the Memorandum Opinion entered in this case on this date, it is hereby ORDERED as follows:

(1) The Plaintiffs' Motion for Conditional Class Certification and Issuance of Court Supervised Notice to All Others Similarly Situated to Opt–In is GRANTED, with respect to a class of all hourly wage employees who have worked in the Henry County school system during the three (3) years preceding the filing of this lawsuit.

(2) The Defendant is Directed to furnish Plaintiffs immediately, if it has not already done so, with the names and addresses of all members of the conditionally certified class.

(3) The Defendant is ORDERED to file, no later than January 31, 2003, any objections to the Plaintiffs' notice to the class of potential opt-in plaintiffs conditionally certified which has been submitted for approval. Before any objection is filed counsel for the parties are DIRECTED to work together in good faith to resolve any objections, so that if at all possible, a proposed notice to which all parties have agreed may be submitted to the court.

(4) Plaintiffs are hereby required to file all Consents to Become Party Plaintiffs in this lawsuit within thirty (30) days of a court-approved Notice being mailed to the

---

guments. These arguments are more properly addressed to the merits of the Plaintiffs' claims. To the extent that they bear on the "similarly situated inquiry" they will be more appropriately presented in a motion to de-

certify, as the Plaintiffs' evidence which is specific to this Defendant is sufficient evidence of a pattern, under *Harper*, to conclude that a collective action is warranted.

class of potential opt-in plaintiffs conditionally certified.

(5) The Defendant's Motions to Strike are DENIED.

(6) The Defendant's Motion for Leave to Respond to Plaintiff's Motion to Strike is DENIED as moot.

(7) The Plaintiffs' Motion to Strike is DENIED.