Sandra HOLT, etc., Plaintiffs,

v.

**RITE AID CORPORATION, Defendant.**

**Civ.A. No. 2:03CV748–A.**

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 23, 2004.

Craig Lindsey Lowell, Gregory O'Dell Wiggins, Herman (Rusty) Nathaniel Johnson, Jr., Rocco Calamusa, Jr., Ann K. Wiggins, Wiggins, Childs, Quinn & Pantanzis, PC, Birmingham, AL, Johnnie B. Smith, Montgomery, AL, for Plaintiffs.

Daniel E. Turner, Nancy E. Rafuse, Tracey Tatum Barbaree, Ashe, Rafuse & Hill LLP, Atlanta, GA, David James Middlebrooks, Jennifer Leigh Howard, Lehr, Middlebrooks, Price & Vreeland, PC, Birmingham, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Senior District Judge.

## I. INTRODUCTION

This cause is before the court on the Plaintiffs' Motion to Facilitate Notice (29 U.S.C. § 216(b)) (Doc. # 35).

The Plaintiffs filed a Complaint in this court asserting violations of the Fair Labor Standards Act ("FLSA"), and seeking compensation and benefits. The Plaintiffs ask the court to certify this case as a collective action under the FLSA. The Plaintiffs seek nation-wide notice, with the exception of the stores and employees in the State of California. Since the filing of the Complaint, the court has granted Motions to Amend the Complaint to Add Party Plaintiffs pursuant to the FLSA, and has allowed some individuals who filed Consents to Become Party Plaintiffs to participate as Plaintiffs, at least at the Motion to Facilitate Notice stage.

For reasons to be discussed, the court determines that the Plaintiffs' Motion to Facilitate Notice is due to be DENIED.

## II. STANDARD FOR CERTIFICATION OF A COLLECTIVE ACTION

Section 216(b) of the FLSA provides:

Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

■ District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of the FLSA. *See Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989);[1] *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir.2001) ("The decision to create an opt-in class under § 216(b), like the decision to certify a class under Rule 23, remains soundly within the discretion of the district court"). The power to authorize notice must, however, be exercised with discretion and only in appropriate cases. *See Haynes v. Singer Co.,* 696 F.2d 884, 886 (11th Cir.1983).

### III. *FACTUAL BACKGROUND*

The Plaintiffs and the potential collective action members in this case are or have been employed with the Defendant Rite Aid Corporation ("Rite Aid" or "the Defendant").

The Plaintiffs allege that Rite Aid does business in approximately twenty-eight states and operates approximately 3,400 stores. Rite Aid's organizational structure is that it has three divisions: western,

central, and eastern. Each division has regions and each region has districts. Mark Panzer ("Panzer"), Rite Aid's Senior Executive Vice President of Store Operations, oversees store operations in all three divisions. There is also a vice president over each division. Each district has a District Manager and each region has a Regional Vice President who reports to the Divisional Vice President.

In this case, the named Plaintiffs and persons who have filed Consents to Become Party Plaintiffs are or were employed by Rite Aid as either Store Managers or Assistant Store Managers. These management positions were at stores in Alabama or Mississippi. One person who has filed a Consent to Become Party Plaintiff is employed by Rite Aid in Pennsylvania.

Rite Aid stores employ Store Managers; Cashiers/Clerks, who are hourly employees; and Key Supervisors, who perform job duties of Assistant and Store Managers except for interviewing and recommending Cashiers/Clerks. Some, but not all, Rite Aid stores have Assistant Managers.

The provision of the FLSA which the Plaintiffs allege has been violated is § 207, which provides that an employee engaged in commerce must receive one and a half time their regular rate of pay for hours worked in excess of forty hours per week. Employers are not, however, required to provide overtime benefits to any employee employed in a bona fide executive, administrative, or professional capacity. 29 U.S.C. § 213(a)(1).

All Store Managers employed by Rite Aid are classified as exempt employees for purposes of the FLSA. Some Assistant Managers employed by Rite Aid are classi-

---

**1.** *Hoffmann–La Roche* involved an ADEA collective action, brought as a § 216(b) action pursuant to the ADEA's express statutory adoption of § 216(b) of the FLSA.

fied as exempt, others are classified as non-exempt.

The Plaintiffs allege that for at least three years prior to filing the Complaint in this case, Rite Aid "has had a uniform policy and practice of consistently requiring its alleged 'managerial' employees to work 60–90 hours per week for a salaried amount without sales incentives, overtime compensation, commission, bonuses, vacation, or sick time." Third Amended Complaint at ¶ 17. They contend that Assistant Managers and Store Managers perform the same tasks as hourly employees, and that the only task which Store Managers can perform and hourly shift supervisors cannot perform is the hiring/recommending of entry level employees. They seek conditional certification from this court of a nationwide collective action or, in the alternative, a regional collective action.

## IV. *DISCUSSION*

■ Collective action treatment under § 216(b) reflects a policy in favor of judicial economy by which "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *See Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Accordingly, the Eleventh Circuit has held that a district court should make certain determinations before allowing an individual plaintiff to give notice to other potential members of a collective action under the FLSA. Specifically, "the district court should satisfy itself that there are other employees of the defendant-employer who desire to 'opt-in' and are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Florida Dept. of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir.1991). The court will separately address these two issues.

### 1. Presence of Employees Who Desire to Opt In

■ The Defendant contends that the Plaintiffs have failed to demonstrate that there are any persons who desire to opt in to this case. The Defendant has argued that despite the Plaintiffs' efforts to attract additional plaintiffs, the Defendant has evidence that persons who would be included in the group identified by the Plaintiffs do not desire to join the lawsuit. This court has had occasion to deny collective action treatment on the basis of a failure of proof that there were similarly situated persons who desired to join the lawsuit. *See Horne v. United Services Automobile Assoc.*, 279 F.Supp.2d 1231 (M.D.Ala.2003). In that case, the failure of proof hinged on the plaintiff's failure to identify persons who fell within the group of people subjected to a particular policy. *See id.* at 1237 (stating, "There is, therefore, no evidence before the court that any appraisers, other than [plaintiff], were or are" subject to the policy).

In this case, the Plaintiffs point out that in a previous case this court considered as evidence the fact that other individuals had filed consents to sue and were allowed to join the lawsuit. *See Barron v. Henry County Sch. System*, 242 F.Supp.2d 1096, 1105 n. 6 (M.D.Ala.2003). In the instant case, the court has allowed some persons who have filed Consents to Become Party Plaintiffs to join the case as Plaintiffs, at least at the Motion to Facilitate Notice stage. The Plaintiffs have also submitted the names of additional persons who have filed Consents to Become Party Plaintiffs who have not been added as plaintiffs. *See* Supplemental Evidentiary Submission (Doc. # 41). Given that there is no dispute that there are other Store Managers and Assistant Managers who have been and who are employed by the Defendant, and given that the court has evidence that

some persons informed of the suit have desired to join it, the court concludes that the Plaintiffs have sufficiently demonstrated at this stage of the proceedings that other persons desire to join in the suit. The real issue before the court, therefore, is whether the persons who desire to opt in are similarly situated.

### 2. Similarly Situated Store Managers and Assistant Managers

A plaintiff bears the burden of establishing that he and the group he wishes to represent are similarly situated. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.1996). While the meaning of "similarly situated" is not defined by the FLSA, the Eleventh Circuit has expressed the view that the "similarly situated" requirement is "more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance) ... [and] that a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b) ...." *Grayson*, 79 F.3d at 1095; *see also Hipp*, 252 F.3d at 1219; *Stone v. First Union Corp.*, 203 F.R.D. 532, 542 (S.D.Fla. 2001). This court has previously determined that, although the Eleventh Circuit has made it clear that in this circuit a plaintiff may establish that others are "similarly situated" without pointing to a particular plan or policy, a plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions. *Marsh v. Butler Co. Sch. System*, 242 F.Supp.2d 1086, 1093 (M.D.Ala.2003); *White v. Osmose*, 204 F.Supp.2d 1309, 1314 (M.D.Ala. 2002). Without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse. *See id.*

In this case, the Plaintiffs have attempted to meet the similarly situated requirement by pointing to a policy of the Defendant. The Plaintiffs have stated that the formal policy resulting in the FLSA violations against Rite Aid's Store Managers and Assistant Managers is the decision to classify them as exempt from the FLSA overtime requirements on the basis that they are executives. *See* Plaintiffs' Reply at pages 12–3.

The Defendant responds that it is contrary to logic and case law to contend that classification of a group of employees as exempt entitles them to conditional certification and notice. The Defendant concedes in its brief, however, that one of the circumstances under which it is appropriate to analyze a request for a collective action as being based on a policy is where the employer classifies "'janitors' as professionals." Defendant's Reply at page 5 n. 7. The difference between the janitors example and this case is one of degree. It appears, therefore, that two questions are presented by the collective action motion: first, whether the mere classification as exempt is sufficient to establish that the putative collective action members are similarly situated, or whether individuals' job duties must be scrutinized, and second, the degree to which evidence regarding the Plaintiffs' job duties can be applied to other employees.

Turning initially to the first issue, the Code of Federal Regulations states that an employee may be exempt as an executive if he or she spends more than 50% of his or her time performing executive tasks, or if less than 50% of the time is spent on executive tasks, these tasks nevertheless predominate or define the job. 29 C.F.R. § 541.103. The regulations provide a "short test" to classify employees for purposes of the executive exemption which includes the following: (1) the employee is

paid a salary of more than $250 per week, (2) the employee's primary duty is the management of the enterprise or a subdivision, (3) the employee regularly directs the work of two or more employees. 29 C.F.R. § 541.1(f). To determine whether the primary duty involves management, in addition to the time spent on managerial tasks a court can consider (1) the relative importance of managerial tasks and collateral assignments, (2) the frequency with which the employee exercises discretion, (3) the freedom from supervision, and (4) the difference in wages paid to hourly associates versus executives. 29 C.F.R. § 541.103.

The Plaintiffs have presented evidence with regard to their factual situations and argued that the case should be certified as a collective action because they have all been improperly classified as exempt. In seeking certification as a collective action, the Plaintiffs are not pointing to a Rite Aid job description which says that Store Managers or Assistant Managers are required to run the cash register or perform janitorial duties for more than 50% of their working hours. Instead, the Plaintiffs are arguing that as a matter of fact, rather than of formal job description, they are performing non-managerial duties for the majority of their working hours. The Plaintiffs characterize Rite Aid Store Managers and Assistant Managers as "working foremen" or "working supervisors," although the Plaintiffs recognize that the concept of "working foremen" may not apply under the regulatory "short test" applicable in this case. Although the Plaintiffs have pointed to evidence of their job duties, the Plaintiffs contend that this court ought not to examine the specific evidence of day-to-day tasks because the application of the "short test" is a merits determination.

Clearly, based on a review of the evidence and allegations before the court, this case is not a case where janitors are being classified as exempt executives. Evidence before the court of the formal, written job descriptions of Store Managers and Assistant Store Managers contains many managerial tasks. It is only once the Plaintiffs' testimony as to the degree to which other tasks are performed that the application of the exemption becomes questionable. Therefore, although the court agrees with the Plaintiffs that application of the "short test" standard for application of the exemption is a merits determination, because the application of the executive exemption for merits purposes will require a fact-intensive determination, it appears to the court that the similarly situated inquiry also requires an examination of day-to-day tasks.

A district court outside of this circuit, applying the standard applied in the Eleventh Circuit, has addressed a factually analogous case. *See Mike v. Safeco Ins. Co. of Am.*, 274 F.Supp.2d 216 (D.Conn. 2003). In *Mike*, the plaintiff was an insurance claims representative. He had been classified as exempt for purposes of the FLSA under the administrative exception. He did not challenge the written job description for his position, but claimed that his daily job tasks were not administrative. He sought to have a collective action certified of persons similarly situated to him. The district court denied his motion, finding that the nature of the plaintiff's claim, because it would ultimately turn on evidence relating to day-to-day tasks, precluded proceeding on a collective basis. *Id.* at 221.

Similarly, in this case, "[t]o determine which employees are entitled to overtime compensation under the FLSA depends on an individual, fact-specific analysis of each employee's job responsibilities under the relevant statutory exemption criteria." *See Morisky v. Public*

*Service Elec. & Gas Co.,* 111 F.Supp.2d 493, 498 (D.N.J.2000). Therefore, the "similarly situated" inquiry in this case must be analyzed in terms of the nature of the job duties performed by each putative plaintiff, because the ultimate issue to be determined is whether each employee was properly classified as exempt.

In this particular case, however, that is not the end of the inquiry, because the Plaintiffs have contended that their evidence reveals that all Store Managers and Assistant Store Managers perform the same daily tasks to the same degree. With respect to issue two, therefore, the degree to which evidence regarding the Plaintiffs' job duties can be applied to other employees, it appears to the court that this issue hinges upon whether the evidence of the Plaintiffs' job duties is merely anecdotal evidence specific to them, or can be more broadly applied. The Plaintiffs essentially concede as much, citing *Bonilla v. Las Vegas Cigar Co.,* 61 F.Supp.2d 1129, 1139 n. 6 (D.Nev.1999), for the proposition that employees are similarly situated when there is a factual nexus between the named plaintiffs and the potential collective action members as victims of a policy or practice and that plaintiffs are not similarly situated if the action relates to circumstances personal to the plaintiff rather than a generally applicable policy.

The Plaintiffs do not offer any sort of analytical method for determining whether the Plaintiffs' experience is similar to that of other Assistant Managers and/or Store Managers. In their discussion of the form of proof which would be presented at trial on the merits, the Plaintiffs point out that it is common to use representational proof to determine the number of hours worked. The Plaintiffs propose, therefore, to use representative proof to establish an average amount of time spent performing overtime work. *See* Plaintiffs' Reply at page 36. Proof of the amount of hours worked

over forty hours per week will not be sufficient, however. It is apparently undisputed that Store Managers and Assistant Managers work more than forty hours per week. The fact that such an employee worked any hours over forty hours per week only would be relevant if that employee is non-exempt. The status as non-exempt cannot be litigated through representative proof, as demonstrated by the Plaintiffs' argument that the Defendant should conduct individual audits before classifying Store Managers and Assistant Managers.

To support their contention that the same factual situation is present in all Rite–Aid stores, outside of California, the Plaintiffs cite to the deposition of Panzer. The testimony in Panzer's deposition which is cited does not state that Store Managers and Assistant Managers spend the majority of their time performing non-managerial tasks, however. Panzer testifies that Store Managers, and presumably Assistant Managers, may engage in various tasks to the extent they feel it appropriate to do the tasks themselves, rather than to delegate those tasks to subordinates. Panzer Dep. at page 203–06.

The Plaintiffs have also alleged that other lawsuits have been brought against Rite Aid and that Department of Labor claims have been filed by Assistant Managers and Store Managers in Oregon and Washington. Even assuming that the individuals bringing these claims are similarly situated to the Plaintiffs, that does not satisfy this court that nationwide the Store Managers and Assistant Managers are similarly situated.

The Plaintiffs also contend that the Defendant's characterization of their job tasks establishes that they are similarly situated because the Defendant contends that all Managers and Assistant Managers perform the same tasks. The job duties

identified by the Defendant, however, are managerial tasks. The court agrees with the Defendant, therefore, that the mere fact that they have identified managerial tasks as being in common does not establish that the Plaintiffs are similarly situated for purposes of the alleged FLSA violation, which hinges on an allegation of the performance of non-managerial duties.

Apart from the evidence discussed above, the Plaintiffs primarily rely on their own declarations and depositions as evidence that Assistant Managers and Store Managers are similarly situated. The Plaintiffs' testimony is largely consistent in and among themselves.[2] For instance, Sandra Holt, Polly Smith, Joann Morris, Debra Gawor, and Marie Walker, all of whom were employed by Rite Aid in Alabama, and Adelia Hartzog and Paul Pittman, who were employed by Rite Aid in Mississippi, have stated in declarations that in excess of 50% of the job duties they performed were non-managerial tasks, such as running the cash register, customer service, stocking shelves, inventory, making signs, janitorial duties, and unloading trucks.

The Plaintiffs have relied in part on *Bradford v. Bed Bath & Beyond, Inc.,* 184 F.Supp.2d 1342 (N.D.Ga.2002) in their briefs. In *Bradford,* the court certified a collective action of department managers of a retail store and denied a motion to decertify the collective action. The court did not find the exemption defense to be significant to the collective action determi-

nation because the court concluded, based on representative depositions which were taken after the collective action was initially conditionally certified, that the putative collective action members were similarly situated with regard to employment setting and job duties and that the defense could be adjudicated collectively. *Id.* at 1351. The facts of *Bradford* are similar to the facts of this case, with one very significant distinction: the putative collective action members' testimony appears to have been the only evidence presented to the court on the issue of the employees' job duties.

■ In this case, the court has been presented not only with statements and testimony by persons who have filed Consents to Become Party Plaintiffs, but also with declarations of persons who have not consented to sue which have submitted by the Defendant. The Plaintiffs urge the court not to consider this evidence by the Defendant, implying that the declarations may have been made under duress.[3]

■ The traditional analysis for collective action treatment is divided into two stages. *See Hipp,* 252 F.3d at 1218 (outlining a two-tiered approach which may, but does not have to be followed by district courts in evaluating whether the plaintiff has met this burden, whereby the court applies a lenient standard of "similarly situated" at the notice stage, and then applies a more stringent standard of "similarly situated" at a stage typically

---

2. The Defendant has asked the court to strike some of this testimony as being contradictory. The court has considered all of the evidence, finding the presence of alleged contradictions between a deposition and declaration of the same plaintiff to be an issue more properly raised on the merits of the claims, and declines to strike the testimony at this time.

3. The Plaintiffs state that there is a motion to compel which seeks discovery as to whether

the Store Managers and Assistant Managers agreed to execute the defendant's declarations and point out that they have not had an opportunity to depose any of these Store Managers and Assistant Managers. It appears to the court that the Motion to Compel has been ruled on by the Magistrate Judge. The Plaintiffs have not, however, moved for any extension of time to present additional evidence.

precipitated by a defendant's motion for decertification). The stage one determination is generally "made using a fairly lenient standard" because "the court has minimal evidence." *Cameron–Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 (11th Cir.2003). It is not until after discovery has been conducted, "when the court has much more information on which to base its decision," that the court makes a factual determination on the similarly situated question. *Id.*

In this case, as stated above, the court has been presented with fairly extensive evidence on the issue of whether putative class members are similarly situated. This court has concluded in a previous case that in a case in which the parties have conducted extensive discovery, it is appropriate to carefully consider the submissions of the parties with respect to the collective action allegations. *See White,* 204 F.Supp.2d at 1313; *see also Morisky,* 111 F.Supp.2d at 498 (applying a stricter standard where discovery had been conducted); *Brooks v. BellSouth Telecommunications, Inc.*, 164 F.R.D. 561, 566 (N.D.Ala.1995). Accordingly, in this case, the court will consider the evidence presented by the Defendant.

The court emphasizes that it is not weighing evidence, or accepting the substance of the Declarations submitted by the Defendant over the substance of any testimony submitted by the Plaintiffs. Because the issues in this case revolve around whether the day-to-day tasks of Store Managers and Assistant Managers are consistent with their designation as exempt, this court must necessarily examine evidence of the job duties actually performed by all of the Store Managers and Assistant Managers. The court concludes in this case, therefore, that rather than rely merely on the evidence presented by the Plaintiffs, it is appropriate to examine all of the relevant evidence.[4]

The Defendant has presented declarations from Rite Aid Store Managers and Assistant Managers that is consistent with other declarations presented by the Defendant, and inconsistent with the evidence submitted by the Plaintiffs. For instance, Assistant Manager Vivian Armstrong, employed in Gardendale, Alabama, states that although she performs the work of other employees such as running the cash register, she continues to supervise employees while performing these tasks, and spent "eight and one half hours per week performing these tasks." Vivian Armstrong Declaration at ¶ 14. Store Manager Michelle Goodwin, employed in McComb, Mississippi, also states that she occasionally performs the duties of employees such as running the cash register, but that she continues to supervise employees while performing these tasks and spends seventeen hours and thirty minutes a week performing those tasks. Michelle Goodwin Declaration at ¶ 18.

As stated above, this case is unlike the *Bradford* case in which all of the evidence before the court indicated that the job duties performed were similar. Instead, substantial evidence has been presented which indicates to this court that, if the case were conditionally certified as a collective action at this stage, the court would have to inquire at a second stage as to the daily tasks of each putative collective ac-

---

**4.** Although the Defendant's evidence in this regard consists of declarations of its employee Store Managers and Assistant Managers, the court finds that consideration of the evidence is appropriate because if this court were to allow the case to proceed past stage one of the collective action certification process, the court would have to consider this evidence in revisiting the similarly-situated inquiry on the Defendant's motion to de-certify at stage two. Because the court has the evidence before it at stage one, the court will consider it.

tion member to determine whether they are similarly situated to the persons identified by the Plaintiffs, and then, on the merits, whether they had suffered an FLSA violation because they were not eligible for overtime compensation. Only once those determinations had been made could any collective proof as to the number of overtime hours be relevant. The evidence presented to the court, therefore, reveals that all of the Plaintiffs employed as Store Managers or Assistant Managers by Rite Aid, even within the region which includes Alabama, are not similarly situated. The court cannot conclude, therefore, that a nationwide group of Store Managers and Assistant Managers, or even a regional group, is similarly situated for purposes of certifying a collective action.

## V.  CONCLUSION

■ Having considered the evidentiary submissions of the parties in their entirety, the court is not satisfied that conditionally certifying a nationwide collective action, or even a regional collective action, will partake of the economy of scale envisioned by the FLSA collective action procedure. *See Hoffmann–La Roche,* 493 U.S. at 170, 110 S.Ct. 482. The court recognizes that the FLSA has a broad remedial purpose, but, as the *Brooks* court noted, " 'courts, as well as practicing attorneys, have a responsibility to avoid the "stirring up" of litigation through unwarranted solicitation.' " 164 F.R.D. at 567 (quoting *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D.Minn.1991)). Accordingly, it is hereby ORDERED that the Plaintiffs' Motion to Facilitate Notice (29 U.S.C. § 216(b)) (Doc. # 35) is DENIED.